Anthony Richard Dominguez is here for the petitioner Juarez-Espana Jennifer Paisner Williams is here for the United States and Mr. Dominguez you may begin your argument. Thank you your honor. Anthony Dominguez on behalf of petitioner may please the court. Here the immigration judge found that the petitioner did not meet his burden of proof to establish his eligibility for asylum specifically because he did not submit a key and crucial piece of evidence which was the final disposition in the criminal investigation of his great uncle Rosendo for the killings of his grandfather and two uncles in 2009. The immigration judge's identification of that crucial or key piece of evidence is critical to the error committed in this case by the immigration judge for not then granting the petitioner a brief continuance in order to attempt to acquire that piece of evidence. Didn't the BIA though make independent findings of that so let me let's assume that that's right in other words as I your client but I under the statute of unique corroboration you asked for some more time you said no you had time before it's been pending a long time so no and then use that as a basis to deny but as I understand the BIA order the BIA order made independent findings that were accepted as true the statements and the testimony and then found x y and z right? I believe so your honor but I think these are two different things here as in regards to the brief continue that the BIA did address and the idea of a continuance of the duty to grant a continuance that arises under 1158 B2B that specifically arises after the immigration judge finds the three preconditions. I agree with you I understand the argument I understand the point my point is even assuming you're right about that didn't the BIA make independent findings that have nothing to do with the failure to have to believe your client because there was no corroboration in other words as I understand what the BIA said is even accepting all the evidence there was no persecution here the the proposed PSG was one of them was not socially distinct for the other one there was no nexus requirement and there was a third thing I'm not unable or unwilling to unable or unwilling right so those have not those are not those are independent you agree of the procedural error you're discussing right? I do I they are independent but in regards to whether or not it would more or less be a harmless error I think specifically referring to the immigration judge's decision at page four he said but even aside from the lack of corroboration so this gets into a problem that that I had a discussion with your counsel here yes and that is whatever the IJ said the BIA here made had independent reasoning and findings here it's an extensive order and it lays out independent grounds for why it reached the conclusion that it did so isn't that what we review and not whatever procedural error the IJ may or may not have made here so I think you review both I think it is both the BIA and the immigration judge's decision not where the BIA gives independent grounds and determinations for its determined for its finding or for the finding right I I read the BIA decision as more so agreeing with the immigration judge as far as their points instead of providing alternative reasoning or analysis I think that's right but I think what it says is we find that there was no protection that the the government wouldn't give protection wasn't willing and able to give protection here's why we agree with the IJ that but those are independent bases from the corroboration procedural error you're talking about right as to the other specific points yes I would so if if the IJ or if the BIA as adopting the IJ's findings but giving its own reasonings is right on those independent bases then we don't have to reach the procedural error even if I happen to agree with you that the right mechanism here is to do what the Ninth Circuit suggests which is adjourn the hearing give them time to get the corroboration and then come back right I still think because the BIA didn't address and this refers back to the original point I made although the BIA had the alternative grounds on the specific eligibility points of asylum when the BIA specifically only addressed the motion to continue that was the written motion to continue and not the specific argument that there's an independent duty so let's say that there's no it's a reason consideration issue so again let's say the BIA didn't give reason consideration your argument I think it did I I read the order as saying that there was no need to continue either the earlier one or later one but let's just say there's no reason consideration for that that error can be harmless where there's independent grounds for which we could affirm or deny the petition here right I'm one of the reason that is one of the reasons why we independently challenged the other grounds of the affirm the BIA's decision affirming the order of the BIA I would let's talk about some independent grounds because I don't want to I don't want to take up the one that I think is the strongest for the other side is the persecution one is the willing and able to protect to enforce to protect and enforce the law it seems to me that there's some evidence to support that in this under substantial evidence and let me lay it out one is a that they did make an arrest for the assassination of the first great uncle now I know your claim is that they arrested the wrong guy they pinned it on the wrong guy but that does show a willingness to to to arrest somebody for private harm especially in the context of family disputes to they did investigate I know you say it's a shoddy investigation but they investigated the murder of I think it's the cousin or uncle two and then there was in fact an arrest of the great uncle here after an investigation for the murder of another great uncle and two cousins and then we don't know exactly how that came out I know he said he was released on bond but there's no indication of how that came out how is that not evidence to support at least some ability and willingness to investigate private private family harm in this family so a few points your honor specifically in regards to the investigation of the cousin's murder the first I think it was the second murder in 2008 when the cousin specifically identified the great uncle Rosendo as a subject and there was a police report starting the investigation when we look at that investigation and that evidence specifically I believe it said that the investigation was concluded within 45 minutes of right after like 45 minutes yeah okay yes yeah so I mean counsel there's investigations all the time where a witness says this happened but that there's not sufficient evidence for which you can prove to a jury beyond a reasonable doubt that it happened that they can't move forward on a prosecution in other words that's not an unusual thing I guess what I'm asking is from the from the perspective of substantial evidence is it not enough that the government took the time for a police officer to come down to talk to witnesses to investigate a crime to write a report that that they care about this stuff when we're when we're speaking about the ability to protect someone in the context of six family members having been murdered I don't believe that the starting of and who the entire family and there was additional testimony provided by other witnesses that were stipulated by the government that yes we believe that it was committed by this great uncle in the greater context what's the status of Rosendo's case in Guatemala we don't know right we we still don't know we found it out uh to that's all we know the extent we know which the of course the immigration judge did find the petitioner to be credible and we're supposed to take that credible testimony as truth all we know is that he is still free and at large and currently possesses the family independent basis that the BIA relies upon is that the law enforcement authorities are taking care of this matter but we don't know what the result of that proceeding is right as far as we know there has been no further punishment against him after the initial arrest and him being so he says I have a well-founded fear of future persecution and I'd like to support that corroborate that with whatever the result of that proceeding is in Guatemala is that your argument I believe the what corroboration is he looking for to support that he has a well-founded fear that Rosendo is going to harm him if he returns to Guatemala so what is the corroboration that your client is looking for well specifically that the immigration judge was looking for some type of final disposition as to what happened with that case that's what's missing here right correct as as far as we know he was set free um or bailed out I believe in the uh transcript test in the testimony the respondent did allude to some of essentially the corruption problems in Guatemala he referred to him having a lot of money which helped him get out and be free to this day but that was specifically the corroboration that the immigration judge was looking for so going back uh specifically to the let me ask you about a different basis because the the BIA gave four independent bases as I understand it so one of them is as to one of the PSGs one of the particular social groups that there was no social cohesion or social identification regarding that um and as I understand it is your burden in when you present a PSG to present evidence of the three characteristics immutability and um two others that are there including the last one of this sort of social identification um what evidence is there that that the PSG that was identified by the BIA was subject to or what evidence was there that there was social identification for that PSG so the the PSG that the BIA actually did consider and discuss social visibility was specifically Guatemalan heir to a large plot of agricultural land right I agree with you in the record um we believe that the evidence in regards to the small percentage of land ownership and how the a even smaller percentage of uh land owners possess a even if I thought that that was enough even if I thought that was enough that deals with ownership and one can understand how an owner of a land can be identified in other words I own it I put plant my flag there my name's on top you know Robert's farm um you know that Robert owns the property um but for an heir which you guys yourselves argue is a contingent thing how could the society possibly know who's an heir to the property I mean it requires you to know who the what the will is if they're in test state or not where they are in the familial relationship I mean how's that how could society possibly identify heirs based on evidence of ownership I I understand your point your honor and I'm asking the question I honestly I'm I don't know how is that possible I do think that the social visibility does go to as I mentioned the small percentage of people that control land I agree but the the family itself that is that it may be passed to I do believe that there is some uh visibility there but specifically I'd just like to point out one last thing I see my time is up because the BIA he's a male heir of Julian Juarez agricultural family and your argument as I understand it is that landowners he's a potential landowner his mother's going to inherit the property and then he will inherit from his mother that landowners in Guatemala are PSGs is that so in specific so to that PSG specifically the BIA did not discuss the viability of that PSG in regards to the PSG that you mentioned your honor the Guatemalan male heir of Julian Juarez's agricultural family all they discussed as to that PSG was whether or not he proved that he was a member of that PSG but because the PSG is a confluence of both land ownership or expected land ownership in addition to family or kinship both of which can are cognizable and can uh legitimate a PSG we believe the confluence of those two things uh do make this PSG valid I see my time is up thank you very much thank you may I please the court Jennifer Williams for respondent the attorney general the agency credited Mr. Juarez Espana's subjective beliefs that his great uncle Rosendo was responsible for killing various male members of the family to get their land and that he believes he is entitled to subjective beliefs even if credible are not necessarily sufficient to meet his burden of proof and in this case Mr. Juarez Espana's subjective beliefs are not sufficient to establish his eligibility for asylum or withholding of removal subjective belief potentially six heirs have been murdered by gunshots and he's an heir and there's no subjective belief that uh he's gonna risk persecution or a gunshot wound when he returns to Guatemala they were all shot one by one not at the same time and there's no fear of persecution if he's returned to Guatemala well as to some of as to some of those killings there's no evidence that his great uncle Rosendo was the one responsible for them well he wants to he wants to be able to corroborate the fact that they were all shot by Rosendo well I so that goes to the corroboration finding by the immigration judge which our position is set forth in our brief was that it was not the IJ's corroboration finding was not affirmed by the board with the IJ making a corroboration finding is separate from finding that an applicant did not meet his burden of proof a corroboration finding is a procedural finding that relies on the failure to submit a specific identified piece of evidence but aren't you under the statute under 8 USC 1158 b 1 b little 2 don't you have isn't there an obligation or I don't know maybe who's obligation it is but isn't there room for the applicant to be able to explain why either they don't have the evidence or why they can't reasonably obtain the evidence yes there is and that is what happened in this case what what there were two separate there was a prior request for a continuance to submit certain documents prior to the merits hearing my understanding from the record is that the immigration judge denied a further continuance but then admitted those documents anyway and then at the hearing there was extensive discussion about the 2009 murders and the evidence in the record about those murders and in his decision the immigration judge preliminarily denied the applications for relief finding that Mr. Juarez Espana did not sufficient corroborating evidence but that but that's not a merits finding so the immigration judge made that finding and then separately went on to find that on the merits Mr. Juarez Espana did not meet his burden of proof for various reasons in its decision which is the decision that this court reviews the board said it didn't need to reach the corroboration finding because it was affirming the immigration judge's alternate findings on the merits I guess but my question really is sort of like a what comes first is that if the immigration judge says that the applicant did not submit enough corroboration evidence but doesn't tell them what the corroboration evidence would need to be and give them the applicant the opportunity to explain why they don't have the the evidence or why they can't obtain the evidence as a statute requires why is that not an error well I'm happy just to discuss that but but our position still is that that was a finding of the immigration judge that the board did not affirm so it wasn't a basis it isn't a basis for this court to review the agency decision below because the board only affirmed the merits denials not the immigration judge's discussion of missing pieces of corroboration requirement what the board has said in matter of LAC is that the immigration judge does have to let the applicant know at the hearing what evidence is missing and give him an opportunity to explain its absence the question is whether the ninth circuit I believe is the only circuit that has held this but whether the immigration judge then has to give the applicant a continuance to go to go out and try to obtain that evidence the ninth circuit has said that that the immigration judge does other circuits have said consistent with the board that the immigration judge has to give the applicant an opportunity during the hearing ninth circuit says yes the sixth circuit says no but that's a decision that we review for an abuse of discretion well well the court this I don't believe this court has weighed in one way or the other on whether in this case the immigration judge said there is no good cause for continuance what the board has said is the immigration judge has to decide has to give the applicant an opportunity during the hearing to has to tell the applicant what what evidence is missing and then decides whether there's good cause for continuance what the ninth circuit has said is it doesn't matter if there's good cause or not for continuance there has to be a continuance but I'd like to reiterate that in this case because we need to know what the result of the legal proceeding is in Guatemala with regard to the prosecution of Mr. Rosendo well there are two separate issues one is the immigration judge identification of that missing evidence as a reason to deny the application but again that is a procedural finding that was not affirmed by the board separate from that procedural finding is a finding as to whether or not he met his burden of proof it is his burden of proof when he submits his asylum application and supporting evidence to establish his case and in this case he testified during his merits hearing that he did not know he never said there's evidence out there that if I just have a little more time I could go find it he was asked do you know the outcome of the proceeding against Rosendo and he said I don't know he never suggested that with more time he could find out he said all I know is that he was arrested he posted bond and that's sort of it and as to his currently being free he speculated that Rosendo was responsible for the 2016 murder but even in that case he admitted that there was a police investigation into that murder and he didn't know the outcome of that either so we do know that Guatemalan law enforcement can't provide protection because they didn't provide protection for potentially six other heirs who were murdered by gunshots maybe by Rosendo well the authorities didn't protect the cousins but we don't know again he it's his burden of proof and we don't know if they were notified we have no information about any of this all we know are the facts of the killings and the evidence that he did submit that in fact the police did take some action they arrested somebody for the initial murder of they arrested Murdado I believe for the initial murder in 2008 they did investigate we don't have any results we don't know what the result of that investigation was but what we do know is that a year later they in fact did arrest Rosendo but again we don't know the outcome of that but it's so this conversation deals with the persecution issue but the BIA as I understand it made independent findings on the cognizability of the particular social group and nexus correct yes so there discuss those please yes so there are two findings that go to both proposed particular social groups one is the unable or unwilling that we've been discussing and the other is the BIA's alternate finding that he failed to establish his membership in either particular social group because being his status as an heir was too speculative but they're also is there not also a finding that there's not a nexus between the persecution here again assuming persecution there's not a nexus between persecution and either of the the particular social groups or at least the second one so and is there not a finding as to the first one that it's not cognizable yes so as to the other two particular social groups the first the first one the particular social group of Guatemalan heir to a large plot of agricultural land the BIA found that that was not socially distinct and for the reasons that were previously discussed that it accepted that landowners might be a socially distinct particular social group but the immigration judge and the heirs to land there was no there was no evidence in the record to establish the social significance of that particular group in Guatemalan society there's no nexus between six other murders of his cousins and him being a male heir of Julian Juarez's agricultural family so that is six people who were murdered you don't mean there's no nexus between the two no that that's um I'll clarify that particular finding the nexus finding does go to that particular social group Guatemalan male heir what the board said was not that there was no nexus in a broader sense but nexus has to be for there to be a nexus against a family under this court's case law there has to be evidence of animus against the family itself and the targeting of the family cannot be incidental to the family group as opposed to another reason and another reason it's generally economic so in this case let me ask you this is there evidence supporting that that finding because as I understand it uh based on the tech again accepting everything the petitioner testified is true he lived as an heir in Guatemala from the time that his grandfather made this split until he left in 2016 he's a male heir and he has I think two other uncles or cousins that also live in Guatemala that have never had anything happen to them and in other words is what the BIA saying there is it isn't the fact that you're an heir that is causing you to die it's that you are in the way of the great uncle who wants control of this entire plot that is the problem right in other words airship or being in the line of of intestate is not what's causing anyone to get murdered what's causing someone to get murdered is they're in the way of a nefarious plan to grab the land yes that is that is what the BIA said it said that the primary motivation because the BIA accepted his subjective belief that Rosendo was responsible for these murders but it said he has no animus against the family writ large he is a he's actually a member of the family he has no animus against himself what he's motivated by is greed and greed is not an animus against a family group per se so if you're an heir and you're perfectly fine with the great uncle controlling all the property then being a male heir of the agricultural family doesn't really mean anything in fact there are male heirs in Guatemala who have no intention of living on the property or taking the uncle's claim to the property who are living perfectly fine and are under no threat correct yes exactly and that is and that and that form the basis of the board's nexus determination that it's not animus against the family nobody in the family is being targeted if they don't currently have the land and if Rosendo wouldn't be able to get the land from them that also is the basis for the BIA's uh finding that his membership in his particular social groups is speculative as well i mean it's related so he may be an heir under the laws of intestate succession although we don't have any evidence about whether their wills whether his mother has a will but what the BIA said about that was according to his testimony his mother is currently the legal that heirs is a distinctive group in Guatemala heirs of land because this that the first one isn't related to the family it just do you own are you a large landowner or are you an heir to a large landowning in Guatemala right is there any evidence in the record that heirs are a distinctive social group no i don't believe there is anything i mean there's evidence about economic inequality in Guatemala and the board i believe it was either the board or the immigration judge and their decision said something about maybe landowners qualify as socially distinct in Guatemala but there's no evidence in the record that heirs are are viewed as a social group and is that a requirement both under BIA law and our law to establish a cognizable particular social group yes it is it's one of the three elements to establish a cognizable particular social group social distinction so to briefly reiterate although the immigration judge made a corroboration finding the board did affirm the merits of that corroboration finding it made alternative merits determinations so our position is that the corroboration finding is not properly before this court as to the merits determinations there are two that cover the entirety of the asylum claim unable or unwilling and whether he established his membership as an heir in his particular social groups the other two findings each cover one of the particular social groups next no nexus goes to heir of his particular agricultural family and the social distinction goes to his more broad uh being an heir to a large plot of land in Guatemala if the court has no further questions i have nothing further thank you miss williams thank you and mr dominguez you've reserved some time for rebuttal thank you your honor um your honor specifically i'd like to return to the nexus requirement which you discussed with my colleague uh and i would like to point to the 11th circuit cases of perez sanchez versus attorney general 935 f third uh 1148 from 2019 in addition to pos mesa versus attorney general uh case number 21 unpublished case it is it is um in pres sanchez they specifically held that there was nexus because it was impossible to distangle uh the extortion and the specific um sanctions motivations sanchez castro though it was able to it was yes and isn't that the case in other words the way you defined the psg was that it was related to heirs of this family and so that's what it has to be connected to and here it seems to be there's evidence in the record to suggest that it's not heirs that the great uncle is targeting it is people that are in the way of standing in the way of him assert of him owning the entire plot of land and so if you assert your interest in property then it it indicates that he is offing you but there are heirs living in guatemala under the undisputed record that are living perfectly fine and free because they have not asserted their interests in other words they're not standing in the way of the great uncle's nefarious plan right so i believe in regards to the other heirs uh the respondent testified that the family hasn't heard of the other brothers that are on this they living somewhere else in guatemala yes and that the family has essentially not heard from one was murdered for a completely independent reason right one one was killed so um we do believe and specifically i think it points that the record establishes that every other single person who was murdered murdered in this in this case the six other people were in fact members of this particular social group so we would possibly that that is that is certainly a characteristic they share but that that's not the central reason the reason is because each of those people asserted their interest and were on the property and he wanted it to get it for himself not that they were heirs themselves right isn't that different um not necessarily i i don't think the record necessarily supports that because in this case for instance his grandfather who was murdered um he had two other uncles under that would have been in line underneath the so they wouldn't have been asserting their interest they were simply there with the grandfather meanwhile they were also murdered uh this is johnny and uber who were also murdered this one who murdered together right yes they were the two murdered together even though they wouldn't have been in the position it was the grandfather who was asserting their land so there's evidence that it wasn't necessarily all people who were pressing their land and briefly to finish up i just want to say in response to judge lagoa's question as to the um this interplay as to when a motion the continuance has to be requested for or not i would just raise that in as to the statute it creates three specific duties of the immigration judge number one to find determine whether the testimony was credible number two whether that testimony uh credible testimony satisfies the burden of proof if it doesn't satisfy the burden of proof the judge must determine whether it's reasonable to require or to reasonable that the applicant acquire that evidence at that point the an applicant wouldn't know those determinations until the decision the final decision of the immigration judge is announced he can only make those findings in the final determination at which point the proceedings are closed and it's too late to ask for the of the immigration judge if he determines those things and it would be reasonable to get to grant the continuous i guess what your your argument or your position is is that once the ij makes a determination that they needed further corroboration evidence and they tell you what it would be then you would ask for an opportunity to provide that or explain why you can't well we first explain whether the judge should inquire whether it's reasonable to provide it or not and if it's reasonable we believe that duties on the immigration judge to grant the continuance because the applicant if you're waiting for those determinations you would only receive those findings at the proceeding when the decision is announced and at that point the proceedings are closed and it's too late to for the the applicant to affirmatively ask for the the continuance so with that uh respectfully request the court to grant the petition for review thank you very much all right thank you counsel and so that completes our docket this morning and the court is going to be adjourned